# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 17-CV-4112 (JFB)(SIL)

GENINE IADEVAIO, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

VERSUS

LTD FINANCIAL SERVICES, L.P.,

Defendant.

**MEMORANDUM AND ORDER**
August 29, 2019

Joseph F. Bianco, Circuit Judge (sitting by designation):

Plaintiff Genine Iadevaio ("plaintiff") brings this putative class action against LTD Financial Services, L.P. ("defendant"), for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Although the complaint contains six causes of action, presently before the Court are cross-motions for summary judgment relating only to the fourth cause of action. That claim alleges that a debt collection letter (the "Collection Letter") sent by defendant to plaintiff did not properly identify the "creditor" in violation of FDCPA Sections 1692g(a)(2), 1692e, 1692e(2)(A), and 1692e(10). In particular, plaintiff asserts that, notwithstanding that Bryant State Bank is the creditor to whom plaintiff owes the debt, the Collection Letter refers to the name of the creditor as "Show Master Card." Therefore, the question is whether defendant violated the FDCPA by setting forth in the Collection Letter that the name of the "creditor" is "Show Master Card" rather than Bryant State Bank.

For the reasons that follow, the Court grants defendant's motion for summary judgment on this claim, and denies plaintiff's cross-motion. In particular, the uncontroverted evidence clearly demonstrates that "Show Master Card" is the name under which Bryant State Bank transacts business in connection with the credit card, that it did so since the beginning of the credit relationship with plaintiff, and that this would be understood by the least sophisticated consumer. Accordingly, the use of that trade name in the Collection Letter in this case to identify the actual creditor does not violate 1692e or 1692g.

I. BACKGROUND

A. Facts

The Court has taken the facts set forth below from the parties' declarations, affidavits, and exhibits, and from the parties'

respective Rule 56.1 statements of facts. Upon consideration of the motions for summary judgment, the Court shall construe the facts in the light most favorable to the non-moving party. *See Capobianco v. City of New York,* 422 F.3d 47, 50 n.1 (2d Cir. 2005). Unless otherwise noted, where a party's 56.1 statement is cited, that fact is undisputed or the opposing party has pointed to no evidence in the record to contradict it.[1]

Defendant LTD Financial Services, L.P. is a debt collector. (Def.'s 56.1 ¶ 5.) Plaintiff is a consumer, as defined under 15 U.S.C. § 1692(a)(3), and the alleged debt arose out of a transaction primarily for personal, family, or household purposes, and is therefore a debt defined by 15. U.S.C. § 1692(a)(5). (*Id.* ¶ 3.) Defendant sent the Collection Letter (Pl. Mot., Collection Letter, ECF No. 19-4) to collect the past due debt on February 21, 2016. The Collection Letter is the "initial communication" from defendant to plaintiff mandated by 15 U.S.C. § 1692g(a). (Def.'s 56.1 ¶¶ 4-5.) The Collection Letter sets forth the name of the "creditor" as "Show Master Card." (*Id.* ¶ 6.) However, Bryant State Bank is the actual entity to which plaintiff owed the "Balance" set forth in this communication. (*Id.* ¶ 7.) Prior to receiving the "Show Master Card" credit card, plaintiff would have been sent a solicitation which includes terms and conditions and statements that Bryant State Park is the entity that issues the Show MasterCard. (*Id.* ¶¶ 8-13.) Monthly account statements (Def. Mot., Ex. 5-7), were sent to plaintiff from April to March of 2015 with plaintiff's name and account number on each *(Id.* ¶¶ 14-18). On June 15, 2016, plaintiff filed for Chapter 7 Bankruptcy in the Eastern District of New York. As part of this proceeding, plaintiff identified a nonpriority creditor as "Show Master Card" with the amount due as approximately $450. (*Id.* ¶¶ 20-23.)

The Collection Letter reads, in relevant part:

> CREDITOR:
> SHOW MASTER CARD
> BALANCE: $419.08

Dear Genine Iadevaio,

Your account with the above named creditor has been placed with LTD Financial Services, L.P., a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice you dispute the validity of this debt or any portion thereof, this office obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

---

[1] Although the parties' Rule 56.1 statements contain specific citations to the record to support their statements, the Court has cited to the Rule 56.1 statements, rather than the underlying citation to the record, when utilizing the 56.1 statements for purposes of this summary of facts.

The total amount of the debt due as of charge-off:
$419.08

The total amount of interest accrued since charge-off:
$.00

The total amount of non-interest charges or fees accrued since charge-off:
$.00

The total amount of payments and credits made on the debt since the charge-off:
$.00

As discussed further below, plaintiff alleges that the Collection Letter violated the FDCPA by falsely identifying "Show Master Card" as the creditor, rather than Bryant State Bank.

B. Procedural History

Plaintiff filed the instant complaint on November 2, 2017. (ECF No. 6.) Plaintiff initially asserted six causes of action against defendant. Defendant answered on November 15, 2017. On April 23, 2018, the parties filed a joint pre-motion conference letter seeking leave to file motions for summary judgment on the Fourth Cause of Action, relating to the narrow issue as to whether defendant violated the FDCPA by setting forth the name of the "creditor" as "Show Master Card" rather than Bryant State Bank. (ECF No. 15.) Plaintiff stated that she intended to withdraw the five remaining causes of action. On July 2, 2018, plaintiff filed her motion for summary judgment. (ECF No. 19.) On July 18, 2018, defendant filed its cross-motion for summary judgment. (ECF No. 21.) On August 17, 2018, plaintiff filed her reply in support of her motion. (ECF No. 24.) The Court held oral argument on October 16, 2018. (ECF No. 25.) On May 23, 2019, the Court heard supplemental oral argument. (ECF No. 27.) On May 31, 2019, plaintiff submitted a letter with supplemental authority. (ECF No. 28.) On June 8, 2019, defendant submitted a letter in response, which included exemplars of the credit card. (ECF No. 29.)

This matter is fully submitted and the Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Globecon Grp., LLC v. Hartford Fire Ins. Co.,* 434 F.3d 165, 170 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." *See Huminski v. Corsones,* 396 F.3d 53, 69 (2d Cir. 2004). The Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford,* 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts .... The nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" *Caldarola v. Calabrese,* 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986)). As the Supreme Court stated in *Anderson,* "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249–50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment." *Id*. at 247-48 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotations omitted). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts . . . ." *BellSouth Telecommc'ns, Inc. v. W.R. Grace & Co.- Conn.,* 77 F.3d 603, 615 (2d Cir. 1996) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)).

III. DISCUSSION

Plaintiff contends that defendant violated Sections 1692g(a)(2), 1692e, 1692e(2)(A), and 1692e(10) of the FDPCA. Specifically, plaintiff argues that the Collection Letter failed to identify the actual entity to which plaintiff owed the "Balance," as the initial communication set forth the name of the "Creditor" as "Show Master Card." (Pl. Mem. at 1, ECF No. 19-7.)

For the reasons set forth below, defendant's motion for summary judgment on the Fourth Cause of Action is granted, and plaintiff's cross-motion is denied. Specifically, the Court concludes that the uncontroverted facts demonstrate the use of "Show Master Card" as the creditor in the Collection Letter did not violate the FDCPA.

A. Fair Debt Collection Practices Act

The FDCPA was created to respond to the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Finding that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy," the Act aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

To determine whether a debt collector's communication violates the FDCPA, courts apply an objective test based on the understanding of the "least sophisticated consumer." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *see Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *Vu v. Diversified Collection Servs., Inc.*, 293 F.R.D. 343, 359 (E.D.N.Y. 2013). According to the Second Circuit, the "least sophisticated consumer" standard is "an objective analysis that seeks to protect the naive from abusive practices while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt

collection letters." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005). "Deceptiveness within the meaning of this subsection includes ambiguity; a collection notice may be deceptive when it can reasonably be read to have two or more different meanings, one of which is inaccurate." *Barrientos v. Law Offices of Mark L. Nichter,* 76 F. Supp. 2d 510, 513 (S.D.N.Y. 1999) (citing *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir. 1996)). "The fact that a notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10)." *Id.* This is a question of law. *Shami v. Nat'l Enters. Sys.*, 914 F. Supp. 2d 353, 359 (E.D.N.Y. 2012).

Here, plaintiff alleges claims under FDCPA Sections 1692e and 1692g, and specific subsections thereunder, which the Court will briefly address in turn.

### 1. Section 1692e

Section 1692e establishes a general prohibition against a debt collector's use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The section then includes a non-exhaustive list of prohibited conduct, including (1) "the false representation of the character, amount, or legal status of any debt," *id.* § 1692e(2)(A); and (2) "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *id.* § 1692e(10).

### 2. Section 1692g(a)

Section 1692g(a) sets forth required disclosures for a debt collector's initial communication to a consumer. As relevant here, this section requires that the initial communication include "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

### B. Application

The parties do not dispute that plaintiff is a "consumer" and defendant is a "debt collector," as those terms are defined by the FDCPA, and that the instant dispute is therefore covered by the statute. Moreover, it is uncontested that Exhibit A to plaintiff's complaint is the "initial communication" from defendant to plaintiff mandated by 15 U.S.C. § 1692g(a). Finally, defendant concedes that Bryant State Bank is "the actual entity to which [p]laintiff owed the "Balance" set forth in [the Collection Letter]." (Def.'s 56.1 ¶ 7.) Therefore, the question is whether defendant violated the above-described FDCPA provisions by identifying Show Master Card, rather than Bryant State Bank, as plaintiff's creditor. For the reasons that follow, the Court concludes that the Collection Letter does not.

The Court will first address defendant's contention that plaintiff's claim is time-barred before turning to the merits of plaintiff's claims.[2]

---

[2] In its summary judgment motion, defendant also raises the affirmative defense that plaintiff's action is barred by the doctrine of judicial estoppel. (Def. Mem. at 6-8.) In particular, defendant notes that plaintiff identified Show Master Card on her Chapter 7 Bankruptcy petition and plaintiff "would have this Court ignore the fact that she received the benefit of discharge of her debt where she identified it as Show Master Card and now allow her to seek damages based on a claim that Show Master Card was not her creditor. (*Id*. at 7.) However, given that the Court has concluded that summary judgment in favor of the defendant is warranted on this claim on the merits, the Court need not address this alternative argument.

5

1. Timeliness

   a. 15 U.S.C. § 1692k(d)

Defendant argues that plaintiff's cause of action is time-barred under FDCPA Section 1692k(d). (*See* Def. Mot. at 5.) As set forth below, the Court denies defendant's motion for summary judgment on this ground.

Under 15 U.S.C. § 1692(k)(d), an action to enforce may be brought in "any appropriate United States district court . . . *or in any other court of competent jurisdiction*, within one year from the date on which the violation occurs." (emphasis added). On February 21, 2016, plaintiff received the Collection Letter, which allegedly violates the FDCPA. Plaintiff then filed a summons and notice in Nassau County Supreme Court on February 17, 2017—within the prescribed one-year window. (Rep., Ex. A, ECF No. 24-2.) The New York Supreme Court is recognized as a court of competent jurisdiction. *See Kagen v. Kagen,* 21 N.Y.2d 532, 53 (1968) (holding that, within the New York State court system, the "Supreme Court is a court of original, unlimited and unqualified jurisdiction") (citations omitted); *see also* N.Y. Const. art. VI, § 7 (a) ("The supreme court shall have general original jurisdiction in law and equity and the appellate jurisdiction herein provided."). Further, in New York "[a]n action may be commenced 'by filing a … summons with notice.'" *Ryan v. High Rock Dev., LLC*, 2 N.Y.S.3d 519, 520 (2d Dep't 2015) (quoting N.Y. C.P.L.R. 304-a); *see also Bumpus v. New York City Tr. Auth.,* 883 N.Y.S.2d 99, 104 (2d Dep't 2009) ("The filing of the summons with notice *or* summons and complaint fixed the point at which an action was commenced for statute of limitations purpose[s].") (emphasis added) (internal citation omitted). Therefore, the action was timely brought in accordance with the applicable New York State procedures prior to removal on July 11, 2107. Moreover, plaintiff served defendant in a timely manner with the summons with notice on June 14, 2017, as mandated by state law. *See* N.Y. C.P.L.R. 306-b ("Service of the summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause shall be made within one hundred twenty days after the commencement of the action or proceeding . . . .").

Defendant argues that the absence of a complaint until November 2, 2017 renders the action untimely. The Court disagrees. "A federal court to which a state action is removed takes the action in the posture in which it existed when removed from a state court's jurisdiction and must give effect to all procedures accomplished in a state court prior to removal." *Istituto Per Lo Sviluppo Economico Dell' Italia Meridionale* v. *Sperti Prod., Inc.*, 47 F.R.D. 310, 312 (S.D.N.Y. 1969). Here, New York State procedure does not require the filing of a complaint in order to properly institute an action and comply with applicable statute of limitation provisions. Thus, at the time of removal to this Court on July 11, 2017, plaintiff had satisfied the applicable statute of limitations under New York State procedure. The removal of the case to the federal court does not vitiate that compliance. Once a case is removed, there is no requisite time frame by which a complaint must be filed, although the Court can certainly order the filing of such a pleading under Rule 81 of the Federal Rules of Civil Procedure. No such order was issued in this case. Thus, the filing of the complaint on November 2, 2017 did not violate the Federal Rules of Civil Procedure, nor does the absence of such a complaint impact a case that was timely filed for statute of limitations purposes under New York State procedural rules prior to removal.

6

Accordingly, this action was timely brought under 15 U.S.C. § 1692k(d), and the Court denies defendant's motion on the grounds of timeliness.

2. The Merits

Plaintiff argues that the Collection Letter fails to adequately identify Bryant State Bank as her creditor in violation of Section 1692g(a)(2)'s requirement that a debt collection letter include "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Plaintiff also alleges that this same failure renders the Collection Letter misleading and deceptive under Sections 1692e, 1692e(2)(A) and 1692e(10). As explained *supra*, defendant does not dispute that Bryant State Bank is the actual entity to which plaintiff owed the balance. (Def.'s 56.1 ¶ 7.) However, defendant argues that naming Show Master Card as the creditor was sufficient as this "name [is] commonly associated with the account." (Def. Mem. at 10.) As set forth below, the Court agrees with the defendant and holds that, under the least sophisticated consumer standard, the use of "Show Master Card" as the name of the creditor in the Collection Letter does not violate the FDCPA.

Under the FDCPA a "creditor" is defined as:

> any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(4). The Second Circuit has held that proper identification of the creditor is critical under the FDCPA. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 87 (2d Cir. 2018) ("The identity of the creditor in debt collection communications can be a 'serious matter.'") (quoting *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012); *see also Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 488 (E.D.N.Y. 2013) (holding that "entity to which a debtor owes money potentially affects the debtor in the most basic ways, such as what the debtor should write after 'pay to the order of' on the payment check to ensure that the debt is satisfied"). Moreover, "[u]nder the least sophisticated consumer standard, '[t]o satisfy § 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it.'" *Datiz v. Int'l Recovery Assocs. Inc.*, No. 15-CV-3549 (ADS)(AKT) 2016 WL 4148330 at *9 (E.D.N.Y. Aug. 4, 2016) (quoting *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016)).

However, a debt collector, in identifying the creditor, need not use the creditor's full business name or name of incorporation so long as it uses the name under which the creditor regularly transacts business, or the name used with the consumer from the inception of the credit relationship. The Second Circuit made this point clear in the context of determining how a creditor can avoid triggering coverage under the "false name exception" of the FDCPA because it used a name other than its own. *See Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("Although a creditor need not use its full business name or its name of incorporation to avoid FDCPA coverage, it should use the name under which it usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation.") (citations and quotations omitted); *see also*

7

*Berk v. J.P. Morgan Chase Bank, N.A.*, Civil Action No. 11-2715, 2011 WL 4467746, at *4 (E.D. Pa. Sept. 26, 2011) ("No reasonable person would find that 'Chase Auto Loans' is a false identification of any of the named Chase defendants – JPMorgan Chase Bank, JPMorgan Chase & Co., or Chase Auto Finance Corporation.").

Other courts have applied this same standard to claims against debt collectors under Section 1692g and similar provisions. *See, e.g.*, *Leonard v. Zwicker & Assoc., P.C.*, 713 F. App'x 879, 883 (11th Cir. 2017) ("we agree with the district court that no bright-line requires a debt collector to always identify the creditor by its full business name in order to avoid liability under § 1692g. Rather, consistent with the FTC's commentary, a debt collector may use the creditor's full business name, the name under which it usually transacts business, or a commonly-used acronym"); *Campbell v. American Recovery Servs. Inc.*, Case No. 2:15-CV-09079-ODW-AGR, 2016 WL 3219866, at *3 (C.D. Cal. June 8, 2016) ("Under the FDCPA it is sufficient to avoid confusion if the debt collector uses the full business name of the creditor, *the name under which it usually transacts business*, or a commonly-used acronym."); *Eul v. Transworld Systems*, No. 15 C 7755, 2017 WL 1178537, at *30-31 (N.D. Ill. Mar. 30, 2017) (rejecting claim that identifying the creditor as "National Collegiate Trust" violated Section 1692e because that was not the particular NCT entity that held the recipient's loan); *Hammett v. AllianceOne Receivables Mgmt., Inc.*, Civil Action No. 11-3172, 2011 WL 3819848, at *4-5 (E.D. Pa. Aug. 30, 2011) (rejecting Section 1692e claim where plaintiff asserted identifying PNC Bank as the original creditor, rather than the full corporate name, was misleading because PNC Bank had many business affiliates and he would be unable to determine which entity had his debt).

Plaintiff makes two principal legal arguments in response to this case authority. First, plaintiff suggests that the name of the creditor used by the debt collector must be similar to the corporate name. (*See* Pl.'s Reply at 8-9, ECF No. 24.) ("The use of 'Show Master Card' instead of 'Bryant State Bank' … is not the same as using a shortened or short-hand version of a creditor's legal name such as AMEX.") Second, plaintiff seems to assert that allowing the debt collector to identify the "creditor" by the brand name is not permitted under the FDCPA. (*See id.* at 8-9.) ("Identifying the 'creditor' as the brand name 'Show Master Card' as opposed to the actual creditor as defined by the FDCPA, 'Bryant State Bank', also runs contrary to the purpose of the FDCPA.").

The Court disagrees with plaintiff's assertions. Although companies often use a variation of their corporate name or an acronym in identifying themselves to the public, that is not the relevant inquiry for purposes of the FDCPA. Instead, the question is whether the least sophisticated consumer would recognize the name in the Collection Letter and understand, from that name, with whom the debt originated. As the Second Circuit and other courts have emphasized, that recognition of the creditor by the debtor may come from not just an acronym, but from "the name under which it usually transacts business" and/or "any name that it has used from the inception of the credit relation." *Maguire*, 147 F.3d at 235 (citation omitted); *accord Leonard*, 713 F. App'x at 883. Obviously, a brand or trade name (regardless of whether it is similar in wording to the corporate name) would often fall within that standard. Any rule that disallowed the use of a brand or trade name

8

to identify the creditor if dissimilar to the corporate name would run contrary to the purpose of the FDCPA because it would potentially create more confusion for the least sophisticated consumer. *See Leonard*, 713 F. App'x at 883 ("As the district court recognized, requiring a debt collector to identify the creditor by its full business name would not always result in greater clarity to a naïve consumer, who may be more familiar with a commonly used trade name."). Thus, if the least sophisticated consumer would understand from a brand or trade name who the creditor is (because it is the name under which the company usually transacts business and/or it is a name that has been used since the inception of the credit relationship), the use of that brand or trade name to identify the creditor in a collection letter does not run afoul of the FDCPA.

Having reviewed the record in this case, it is clear from the uncontroverted facts that the least sophisticated consumer would understand the identity of the creditor from the use of the trade name "Show Master Card" in the Collection Letter. The card that plaintiff was using was called the "Show Master Card" and that trade name was used from the beginning of the credit relationship. For example, the Solicitation Form for the credit card states, "You're Pre-Approved\*! The Show Mastercard credit card is easy to understand with **No Hidden Fees. What are the benefits of becoming a Show Mastercard Member?**" (ECF No. 21-3.) It also references the ability to respond online at www.showcardcc.com/accept and can ask questions by contacting the "Show Mastercard Assistance Line." (*Id*.) The website also prominently utilizes the trade name "Show MasterCard Credit Card." (ECF No. 21-4.) The promotional materials also contain references to the actual creditor, Bryant State Bank, but the trade name would be more familiar to the least sophisticated consumer from reading these materials, given the prominent use of the term "Show Master Card" in the credit relationship. (*See, e.g.*, ECF No. 21-4 (website) (noting in small print "2018 Show MasterCard. Issued by Bryant State Bank, pursuant to a license from MasterCard International Inc."); ECF No. 21-5 (solicitation form) (same); ECF No. 21-6 (Terms and Conditions Package) (referring to Bryant State Bank as the creditor).[3] Moreover, the least sophisticated consumer would undoubtedly understand from the monthly statements for their credit card that "Show Master Card" is the trade name used by Bryant State Bank. In fact, the payment slip in the monthly statement combines the names and states at the top, "Bryant State Bank Show." (ECF No. 21-7.)

In short, the uncontroverted evidence clearly demonstrates that "Show Master Card" is the name under which Bryant State Bank transacts business in connection with the credit card at issue, and that it did so since the beginning of the credit relationship with plaintiff, and that the identity of the creditor would be understood by the least sophisticated consumer under these circumstances. In other words, upon receiving the Collection Letter in this case, the least sophisticated consumer would understand who the creditor was from the

---

[3] In a supplemental submission, defendants attach a sample credit card which demonstrates that the trade name "Show" is displayed in big letters on the front of the card, with the following statement in small letters on the back of the card: "This card is issued by Bryant State Bank, pursuant to a license from MasterCard International…." (ECF No. 29-1.) However, because this was submitted after the oral argument and is unnecessary to the Court's decision because the other materials in the record clearly demonstrate that the least sophisticated consumer would recognize the creditor in this case by the trade or brand name, "Show Master Card." Thus, the Court has not considered this supplemental exhibit as part of its analysis.

reference to "Show Master Card" as the creditor (using the familiar trade name), and would further understand that defendant was the debt collector of the debt owed to that original creditor given that the letter clearly states: "Your account with the above named creditor has been placed with LTD Financial Services, L.P., a debt collector." (ECF No. 6-1.) Thus, from the Collection Letter, the least sophisticated consumer could certainly understand the debt at issue, the identity of the original creditor (by its trade name), and the identity of the debt collector.

In sum, the uncontroverted facts demonstrate that the least sophisticated consumer would be able to properly identify the creditor through the use of the brand/trade name in the Collection Letter. Accordingly, the Collection Letter does not violate 15 U.S.C. § 1692g(a)(2). For the same reasons, the Collection Letter does not violate 15 U.S.C. § 1692e. In particular, the least sophisticated consumer would not find the language of the letter, as it relates to the identity of the creditor, to be confusing or misleading under Section 1692e.

IV. CONCLUSION

For the foregoing reasons, the Court grants defendant's motion for summary judgment on the Fourth Cause of Action and denies plaintiff's cross-motion for summary judgment.

SO ORDERED.



JOSEPH F. BIANCO
United States Circuit Judge
(sitting by designation)

Dated: August 29, 2019
Central Islip, NY

* * *

Plaintiffs represented by Mitchell L. Pashkin, 775 Park Avenue, Suite 255, Huntington, NY 11743. Defendant is represented by Mitchell Lee Williamson, Barron & Newburger, P.C., 458 Elizabeth Ave, Suite 5371, Somerset, NJ 08873.